UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**CAPTION IN COMPLIANCE WITH D.N.J. LBR 9004-2(C)**

**THE LAW OFFICE OF EDWARD HANRATTY**
EDWARD HANRATTY, ESQ. (052151997)
80 COURT STREET
FREEHOLD, NJ 07728
TEL: (732) 866 6655

IN RE:

**KRYSTAL CORBETT**

**KRYSTAL CORBETT**
                **PLAINTIFF**

VS.

**AMERICAN EDUCATION SERVICES; NATIONAL COLLEGIATE TRUST; PNC BANK; NAVIENT; SUNTRUST BANK; AND FEDLOANS**

                **DEFENDANTS**

CASE NO.: 18-33294

ADVERSARY NO.:

JUDGE: JNP

**CIVIL ACTION**

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS AND OTHER RELIEF NATURE OF THE ACTION

1. This is an adversary proceeding seeking a discharge of educational loans as an undue hardship pursuant to 11 U.S.C. § 523(a)(8) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure.

2. This complaint further asserts that some of all of the loans held, owned, or serviced by the defendants are not qualified student loans within the meaning of 11 USC 523 (8) and are subject to the discharge entered in the bankruptcy case.

3. The defendants were properly noticed of the instant bankruptcy petition on November 27, 2018, when it was filed.

## CLAIM FOR RELIEF

4. According to 11 U.S.C. Section 523 (a)(8) of the Bankruptcy Code, the loans are Dischargeable because they would impose an 'undue' hardship. Plaintiff is requesting to have total debt of remaining to the Defendants discharged.

5. Despite debtor's good faith efforts to repay defendants, she has not been able to do so. Debtor cannot maintain a minimal standard of living for herself if forced to repay the loans. Due to the debtor's employment trend, it is not likely that the debtor's ability to pay will change in the foreseeable future.

6. Based on the criteria set forth in <u>Brunner v. New York State Higher Education Service Corp., 831 F.2d 395(2d Cir.1987) (per curiam)</u>, as adopted by the United States Court of Appeals for the Eleventh Circuit in <u>Hemar Ins. Corp of America v. Cox (In re Cox), 338 F.3d 1238, 1242 (11th Cir, 2003)</u>, the debtor qualifies for, and should be granted , a discharge of the above -described educational loans.

**WHEREFORE,** the debtor asks that this Court enter an Order declaring the some or all of the student loan debt of the debtor to be discharged in this bankruptcy case and grant such other and further relief as this Court may deem appropriate.

## COUNT 1

1. The debtor repeats and realleges the allegations contained above as if set forth herein.

2. Under § 523(a)(8), debtors are not permitted to discharge educational loans "unless excepting such debt from discharge ... would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under §

523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents "undue hardship." <u>Educ. Credit Mgmt. Corp. v. Savage (In re Savage), 311 B.R. 835 (1st Cir. BAP 2004)</u>; see also <u>Smith v. Educ. Credit Mgmt. Corp. (In re Smith), 328 B.R. 605 (1st Cir. BAP 2005)</u>. Debtor alleges that the defendants cannot show that the loans at issue are student loans within the meaning of the code.

3. 11 USC 523 (a)(8) of the bankruptcy code describes an educational loan as a qualified educational loan as that term is defined in the Internal Revenue Code at 221(d)(1). That section of the Internal Revenue Code defines a qualified educational loan as a debt incurred to pay qualified higher education expenses. Qualified higher expense is defined at 26 USC 221(d)(2) and 20 USC 1087ll as tuition, books, housing and other related expenses.

4. The loan made by defendant is not an educational loan within the meaning of the bankruptcy code as it was not incurred solely for qualified higher education expenses.

5. A qualified higher education expense is defined as:

> (3) Qualified higher education expenses
>
> (A) In general-The term "qualified higher education expenses" means—
>
> > i. tuition, fees, books, supplies, and equipment required for the enrollment or attendance of a designated beneficiary at an eligible educational institution.
> >
> > ii. expenses for special needs services in the case of a special needs beneficiary which are incurred in connection with such enrollment or attendance [2]

3

      iii.    expenses paid or incurred in 2009 or 2010 for the purchase of any computer technology or equipment (as defined in section 170 (e)(6)(F)(i)) or Internet access and related services, if such technology, equipment, or services are to be used by the beneficiary and the beneficiary's family during any of the years the beneficiary is enrolled at an eligible educational institution. Clause (iii) shall not include expenses for computer software designed for sports, games, or hobbies unless the software is predominantly educational in nature.

(B) Room and board included for students who are at least half-time.

      i.    In general In the case of an individual who is an eligible student (as defined in section 25A (b)(3)) for any academic period, such term shall also include reasonable costs for such period (as determined under the qualified tuition program) incurred by the designated beneficiary for room and board while attending such institution. For purposes of subsection (b)(6), a designated beneficiary shall be treated as meeting the requirements of this clause.

      ii.    Limitation the amount treated as qualified higher education expenses by reason of clause (i) shall not exceed—

(I)    the allowance (applicable to the student) for room and board included in the cost of attendance (as defined in section 472 of the Higher Education Act of 1965 (20 U.S.C. 1087ll), as in effect on the date of the enactment of the Economic Growth and Tax Relief Reconciliation Act of 2001) as determined by the eligible educational institution for such period, or

4

    (II)    if greater, the actual invoice amounts the student residing in housing owned or operated by the eligible educational institution is charged by such institution for room and board costs for such period.

6. In order to be a qualified student loan, the indebtedness must be incurred solely to pay qualified higher education expenses. Accordingly, *mixed use* loans are not qualified education loans. (Deductions for Qualified Education Loans, 64 F.R. 32570-01, emphasis in original).

7. The loans at issue are mixed use loans at best, and are not qualified educational loans, and are not excepted from discharge under 11 USC 523 (a)8(B), which states "any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual."

**WHEREFORE**, debtor demand judgment against the defendants denying the loans exception from discharge.

## COUNT 2

1. The debtor repeats and realleges the allegations contained above as if set forth herein.
2. Excepting the aforementioned debts from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents. The debtor is a single parent earning about $2,750 per month. She is unable to maintain a minimal standard of living and despite her good faith efforts to make payments on the instant debt continues to fall further and further into default.

**WHEREFORE,** the debtor asks that this court enter and order discharging the debts at issue, as well as such other relief as is deemed equitable and just.

## **COUNT 3**

1. The debtor repeats and realleges the allegations contained above as if set forth herein.

2. The New Jersey Consumer Finance Licensing Act, NJSA 17:11C-1 et. seq. in pertinent part states: *"Consumer lender" means a person licensed, or a person who should be licensed, under P.L.1996, c.157 (C.17:11C-1 et al.) to engage in the consumer loan business.*

    *"Consumer loan" means a loan of $50,000 or less made by a consumer lender, payable in one or more installments, pursuant to the terms of P.L.1996, c.157 (C.17:11C-1 et al.), and not a residential mortgage loan as defined by section 3 of P.L.2009, c.53 (C.17:11C-53).*

    *"Consumer loan business" means the business of making loans of money, credit, goods or things in action, which are to be used primarily for personal, family or household purposes, in the amount or value of $50,000 or less and charging, contracting for, or receiving a greater rate of interest, discount or consideration therefor than the lender would be permitted by law to charge if he were not a licensee hereunder, except as authorized by this act and without first obtaining a license from the commissioner."*

3. The act further states: *"Any person directly or indirectly engaging in the business of soliciting or taking applications for such loans of $50,000 or less, or in the business of negotiating or arranging or aiding the borrower or lender in procuring or making such loans of $50,000 or less, or in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in*

*amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."*

4. The act defines person: *"Person" means an individual, association, joint venture, partnership, limited partnership association, limited liability company, corporation, trust, or any other group of individuals however organized.*

5. The states*: "No person, except as authorized by this act, shall directly or indirectly charge, contract for, or receive any interest, discount, or consideration greater than the lender would be permitted by law to charge if he were not a licensee hereunder upon the loan, use, or forbearance of money, goods, or things in action, or upon the loan, use, or sale of credit of the amount of $50,000 or less."* The loans at issue in this matter wer for personal purposes, less than $50,000, and lent by a "person" as defined in the act.

6. By failing to be properly licensed as a consumer lender, and violating the act, the defendant is subject to the statutory penalties: "A contract of a loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a crime of the fourth degree under this section, shall be void and the lender shall have no right to collect or receive any principal."

and,

"a consumer lender who knowingly and willfully violates any provision of this act shall also forfeit to the borrower three times any amount of the interest, costs or other charges collected in excess of that authorized by law."

7. The defendants are a person within the meaning of the statute, are not licensed to lend the amounts lent to the debtor in New Jersey and are not entitled to interest or other charges associated with the loans.

**WHEREFORE,** the debtor asks this court to enter an order awarding the debtor damages costs and attorney fees as well as such other relief as is equitable and just.

Respectfully submitted,

**By: /s/ Edward Hanratty**

Date: June 11, 2021   EDWARD HANRATTY, ESQ.